IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ERIC TIN )<br>4816 Mori Drive )<br>Rockville, MD 20852 )<br>      )<br>     Plaintiff )<br>     )<br>  vs.   ) | Case No: _____ |
| ANYSIA VALKO )<br>(f/k/a Anysia Tin) )<br>352 Sutro Forest Drive NW )<br>Concord, NC 28027 )<br>     )<br>  and   )<br>     )<br>GIANG TONTHAT )<br>(a/k/a James Tonthat) )<br>352 Sutro Forest Drive NW )<br>Concord, NC 28027 )<br>     )<br>     Defendants ) | **JURY TRIAL DEMANDED** |

### **COMPLAINT FOR DEFAMATION AND INVASION OF PRIVACY**

COMES NOW, the Plaintiff, Eric Tin, by and through counsel, Paul J. Havenstein and McCarthy Wilson LLP, and hereby sues the Defendants, Anysia Valko and Giang Tonthat, for defamation and invasion of privacy, and in support thereof states as follows.

### **Parties**

1.     Plaintiff Eric Tin is an individual who currently resides at 4816 Mori Drive in Rockville, Maryland 20852.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

1

2. Defendant Anysia Valko is an individual who currently resides at 352 Sutro Forest Drive NW in Concord, North Carolina 28027. Ms. Valko was formerly known by her married name, Anysia Tin.

3. Defendant Giang Tonthat is an individual who currently resides at 352 Sutro Forest Drive NW in Concord, North Carolina 28027. Mr. Tonthat is also known as James Tonthat.

## Jurisdiction and Venue

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S. Code Sec. 1332 as this litigation is between citizens of different States and the amount in controversy exceeds $75,000.00.

5. Venue is appropriate in this Division as the claims arise out of tortious acts of the Defendants directed at the Plaintiff in Montgomery County, Maryland, and to the Montgomery County, Maryland community.

## Facts

6. Plaintiff and Defendant Valko were married in 2011.

7. During their marriage, the Plaintiff and Defendant Valko had one child together (the "Minor Child"). The Minor Child was born in 2013.

8. From 2013 to 2017, the Minor Child was raised in Montgomery County, Maryland.

9. In 2017, Plaintiff and Defendant Valko divorced. The divorce and child custody proceedings were filed in the Circuit Court for Montgomery County, Maryland.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

10. After the initial divorce proceedings, Defendant Valko became re-married to Defendant Tonthat.

11. In 2019, Defendant Valko and Defendant Tonthat decided to move to Seattle, Washington.

12. As a result of Defendant Valko's voluntary relocation, litigation was filed regarding the custody of the Minor Child.

13. In an attempt to gain advantage in the child custody litigation, Defendant Valko and Defendant Tonthat conspired to, and did, publicize false and defamatory rumors regarding the Plaintiff.

14. Currently, and at all times relevant to these claims, the Minor Child was a student at Wyngate Elementary School in Bethesda, Maryland. Wyngate Elementary School is a part of the Montgomery County Public School system. Wyngate Elementary School feeds into North Bethesda Middle School and, later, to Walter Johnson High School.

15. Plaintiff has been employed as a technology teacher at North Bethesda Middle School in Bethesda, Maryland, for 14 years. Plaintiff has been employed by the Montgomery County Public School system for 17 years. As part of his employment, Plaintiff teaches middle-school-aged children. Students at Wyngate Elementary School, including the Minor Child and her current classmates and friends, would likely in the future be taught by Plaintiff at North Bethesda Middle School.

16. Within one (1) year of the filing of this Complaint, and at other times, Defendant Valko and Defendant Tonthat made numerous representations to members of

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

the public, in Montgomery County, Maryland and elsewhere, suggesting that the Plaintiff was a pedophile and that the Plaintiff posed a risk of sexual abuse to children, even though the Defendants knew such representations to be false.

17. On May 1, 2022, Defendant Tonthat, with the assistance and encouragement of Defendant Valko, emailed the parents of every student in the Minor Child's elementary school class. In this email, Defendant Tonthat made numerous defamatory statements, including but not limited to:

    a. Defendant Tonthat represented that the Plaintiff would force the Minor Child to undress and stare at her before bathing.

    b. Defendant Tonthat, who is an attorney, represented that Plaintiff's actions should be "grounds for criminal charges."

    c. Defendant Tonthat represented that Plaintiff "exposed [the other parents'] children to risk."

    d. Defendant Tonthat represented that the Minor Child developed "serious behavioral issues" as the result of Plaintiff's actions.

    e. Defendant Tonthat represented that Plaintiff became a "room parent" at Wyngate Elementary School so that he could have "even more access to children" and lure them to "unsupervised playdates at his home in Rockville."

    f. Defendant Tonthat represented that Plaintiff was making false representations in attempt to conceal his actions and lure more children to his home.

    g. Defendant Tonthat represented that Plaintiff was a "potential risk to the children in the community."

18. On September 16, 2021, Defendant Valko emailed Greeta Upadhyay, the mother of another child in the Minor Child's elementary school class. Defendant Valko forwarded a letter that she wrote to Wyngate Elementary School, making similar

accusations of sexual child abuse against the Plaintiff. Defendant Valko knew these accusations to be false at the time she made them.

19. On December 20, 2021, Defendant Valko emailed Mai Dao, the mother of another child in the Minor Child's elementary school class. Defendant Valko represented that Plaintiff was "making [the Minor Child] stand naked" and that Plaintiff "would watch her dress." Defendant Valko further represented that the Plaintiff "lied under oath" to get full custody of the Minor Child. Defendant Valko knew these accusations to be false at the time she made them.

20. On January 8, 2022, Defendant Valko emailed her property manager representative, who resides in Seattle, Washington, and stated that Plaintiff was "watching [the Minor Child] in the shower" and that she had reported Plaintiff to Child Protective Services. Defendant Valko knew these accusations to be false at the time she made them. Further, such accusations are not of valid concern to Defendant Valko's property manager representative, who resides in Seattle, Washington.

21. On November 6, 2022, Defendant Tonthat, with the assistance and encouragement of Defendant Valko, sent another email to the parents of students in the Minor Child's elementary school class. In addition to re-publishing the prior defamatory statements, Defendant Tonthat intentionally misrepresented the evidence and findings of the Court in the child custody litigation. Defendant Tonthat also further publicized private information regarding Plaintiff and his family choices, which were not of valid concern to the public.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

22.     Defendant Valko's own mother, Mary C. Valko, has rejected her daughter's defamatory lies regarding the Plaintiff. On August 9, 2021, Mary C. Valko wrote to Defendant Valko, stating: "[Plaintiff] has never been inappropriate with [Minor Child]. He's her dad and takes good care of her. Accusations like that can mess up [Minor Child]'s head. Gosh."

23.     Taken together, the representations of Defendant Valko and Defendant Tonthat suggest that Plaintiff is a pedophile and a risk for sexual abuse of children. This suggestion is false and that the Defendants have always known it to be false.

24.     In making these statements, Defendant Valko and Defendant Tonthat acted intentionally and with actual malice, with the intent of damaging the reputation of Plaintiff and gaining advantage in the child custody litigation.

25.     As a direct result of Defendants' statements, Plaintiff suffered harm.

26.     As a direct result of Defendants' statements, Plaintiff was removed as a "room parent" at Wyngate Elementary School.

27.     As a direct result of Defendants' statements, Plaintiff suffered embarrassment, mental anguish, and emotional distress, for which the Plaintiff has required mental health treatment.

28.     As a direct result of Defendants' statements, Plaintiff has suffered harm to his good reputation in the community.

29.      As a direct result of Defendants' statements, Plaintiff has suffered harm to his good reputation as a middle school teacher.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

### Count One – Defamation (Both Defendants)

30. The prior paragraphs are incorporated as if fully restated herein.

31. Defendants made defamatory statements to third parties and to the public at large.

32. These defamatory statements tend to expose the Plaintiff to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, Plaintiff.

33. The injurious character of the defamatory statements is self-evident.

34. The defamatory statements were false.

35. The Defendants knew that the defamatory statements were false when they made them or the Defendants were recklessly indifferent to whether these defamatory statements were false.

36. The Defendants are legally at fault for making these defamatory statements.

37. The Defendants made these defamatory statements knowingly, willfully, intentionally, and with actual malice. The Defendants acted with the intent of harming the Plaintiff and gaining advantage in their custody litigation.

38. As a direct result of these defamatory statements, Plaintiff suffered harm.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:  (a) enter an injunction against the Defendants enjoining them from making further false statements to the public regarding the Plaintiff; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) for all compensatory damages, including presumed

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

7

damages; (c) enter a judgment against the Defendants for punitive damages; (d) award the Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to the Plaintiff that this Court deems just and appropriate.

### Count Two – Invasion of Privacy – Unreasonable Publicity to Private Life
### (Both Defendants)

39. The prior paragraphs are incorporated as if fully restated herein.

40. The Defendants publicized private facts regarding the Plaintiff and his family life.

41. These private facts were not of valid concern to the public.

42. The Defendants publicized these private facts in a way which would be deemed highly offensive to a reasonable person.

43. The Defendants acted with actual malice in publicizing these private facts, with the intent of harming the Plaintiff and gaining advantage in their child custody litigation.

44. Plaintiff suffered harm as a result of the Defendants' actions.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against the Defendants enjoining them from further publicizing private facts regarding the Plaintiff that are not of valid concern to the public; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) for all compensatory damages; (c) enter a judgment against the Defendants for punitive damages; (d) award

the Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to the Plaintiff that this Court deems just and appropriate.

### **Count Three – Invasion of Privacy – Intrusion Upon Seclusion (Both Defendants)**

45. The prior paragraphs are incorporated as if fully restated herein.

46. The Defendants intentionally intruded into the private affairs of the Plaintiff for the purpose of damaging his reputation.

47. This intrusion is highly offensive to a reasonable person.

48. The Defendants acted with actual malice in intruding upon the Plaintiff's private affairs, with the intent of harming the Plaintiff and gaining advantage in their custody litigation.

49. Plaintiff suffered harm as a result of the Defendants' actions.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against the Defendants enjoining them from further publicizing private facts regarding the Plaintiff that are not of valid concern to the public; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) for all compensatory damages; (c) enter a judgment against the Defendants for punitive damages; (d) award the Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to the Plaintiff that this Court deems just and appropriate.

### **Count Four – Invasion of Privacy – False Light (Both Defendants)**

50. The prior paragraphs are incorporated as if fully restated herein.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

51. The Defendants gave publicity to a manner concerning the Plaintiff that placed the Plaintiff before the public in a false light.

52. The false light in which the Plaintiff was placed is highly offensive to a reasonable person.

53. The Defendants had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff was placed.

54. The Defendants acted with actual malice in placing the Plaintiff in a false light, with the intent of harming the Plaintiff and gaining advantage in their custody litigation.

55. Plaintiff suffered harm as a result of the Defendants' actions.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:  (a) enter an injunction against the Defendants enjoining them from further publicizing private facts regarding the Plaintiff that are not of valid concern to the public; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) for all compensatory damages; (c) enter a judgment against the Defendants for punitive damages; (d) award the Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to the Plaintiff that this Court deems just and appropriate.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

          Respectfully submitted,

          McCARTHY WILSON LLP

      By: *//s// Paul J. Havenstein*
          Paul J. Havenstein, Esquire
          USDC-MD Bar No. 19878
          2200 Research Boulevard
          Suite 500
          Rockville, Maryland 20850
          (301) 762-7770
          havensteinp@mcwilson.com
          Attorneys for Plaintiff Eric Tin

## **DEMAND FOR JURY TRIAL**

  Plaintiff Eric Tin, by and through counsel, hereby demands a trial by jury on all legal claims raised herein.

          *//s// Paul J. Havenstein*
          Paul J. Havenstein, Esquire
          CPF No. 1512150306

**LAW OFFICES**
**McCARTHY WILSON LLP**
A LIMITED LIABILITY PARTNERSHIP
**WWW.MCWILSON.COM**